**Philip K. Goldstein, Esq.**
**Nevada Bar #4275**
**LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.**
**609 South Seventh Street**
**Las Vegas, NV 89101**
**(702) 388-2004**
**Attorney for Debtor(s)**

**E-filed: 1/6/11**

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

**In Re:**

**RUSSELL GIORGIANNI,**

**Debtor.**

**CASE NO. 10-33433 LBR**
**CHAPTER 13**

**Date of Hearing: 2/17/11**
**Time of Hearing: 3:05 P.M.**

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA (ACCT. #0027) PURSUANT TO 11 U.S.C. §506(a) AND §1322**

Now Comes, RUSSELL GIORGIANNI (hereinafter the "Debtor"), by and through his attorney, PHILIP K. GOLDSTEIN, ESQ. of the LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD., and move this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and states:

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157.

**STATEMENT OF FACTS**

1. On December 17, 2010, Debtor filed a Voluntary Petition under Chapter 13, Title 11, of the United States Code, case number 10-33433 LBR.

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

2. In his petition, Debtor listed his home which is located at 4553 Cielo Lane, Las Vegas, Nevada 89130 (hereinafter referred to as "Home"), with a value of $140,000 and a mortgage balance totaling $291,615.65.

3. However, upon further investigation and an actual appraisal, the Home is valued at $130,000. (See appraisal attached hereto "Exhibit 1").

4. At the time of filing, the "Home" was encumbered by a first mortgage with BANK OF AMERICA (ACCT. #9303). That mortgage has a balance of $150,615.65. (See mortgage statement from BANK OF AMERICA, attached hereto and marked as "Exhibit 2").

5. On the petition date, Debtor owed money to BANK OF AMERICA (ACCT. #0027) (hereinafter the "CREDITOR BANK OF AMERICA (ACCT. #0027"), identified in Schedule D in Debtor's petition.

6. Based on the appraisal (Exhibit 1), the home value of $130,000, less the first mortgage balance of $150,615.65, results in negative equity, or **no** equity upon which the "CREDITOR BANK OF AMERICA (ACCT. #0027)" claim could attach. (See Exhibits 1 through 2).

8. "CREDITOR BANK OF AMERICA (ACCT. #0027)'s" claim is wholly unsecured and if the "Home" was sold at auction Creditor would receive nothing.

9. Accordingly, the Debtor requests that this Court find that the claim of "CREDITOR BANK OF AMERICA (ACCT. #0027)" is unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtor's Chapter 13 Plan.

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

**LEGAL ARGUMENT**

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C.§506(a),despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured…claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim
>
> …
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since the claim of "CREDITOR BANK OF AMERICA (ACCT. #0027)" is wholly unsecured (in that there is no extant equity above the first mortgage in the home), Your Honor should reclassify said claim to a general unsecured claim to receive pro rata with like unsecured creditors. "CREDITOR BANK OF AMERICA (ACCT. #0027)" should also be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

Further, the debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion to "strip off" "CREDITOR BANK OF AMERICA (ACCT. #0027)'s" consensual lien by motion. See *In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,313 B.R. 545 (Bankr.N.D.N.Y.*2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).

## CONCLUSION

WHEREFORE, Debtor prays as follows:

1. Find that "CREDITOR BANK OF AMERICA (ACCT. #0027)" is not a holder of a lien on the home;

2. Immediately avoid, "Strip off", cancel and extinguish "CREDITOR BANK OF AMERICA (ACCT. #0027)" wholly unsecured claim/lien from the home pursuant to 11 U.S.C. Section 506(a);

3. Reclassify "CREDITOR BANK OF AMERICA (ACCT. #0027)'s" claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

4. Such other relief the Court finds appropriate.

DATED: This 6th day of January, 2011.

LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.

By: /s/ Philip K. Goldstein
PHILIP K. GOLDSTEIN, ESQ.
Nevada Bar #4275
Attorney for Debtor

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

APN:138-01-610-008 E-filed:

**Philip K. Goldstein, Esq.**
**Nevada Bar #4275**
**LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.**
**609 South Seventh Street**
**Las Vegas, NV 89101**
**(702) 388-2004**
**Attorney for Debtor**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **In Re:** **RUSSELL GIORGIANNI,** **Debtor.** | **CASE NO. 10-33433 LBR** **CHAPTER 13** **Date of Hearing: 2/17/11** **Time of Hearing: 3:05 P.M.** |

**ORDER GRANTING DEBTORS' MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA (ACCT. #0027) PURSUANT TO 11 U.S.C. §506(a) AND §1322**

This matter being heard the 17th day of February, 2011, at 3:05 p.m., with PHILIP K. GOLDSTEIN, ESQ., appearing for Debtor, Russell Giorgianni, and Rick Yarnall appearing as the Chapter 13 Trustee, and pursuant to notice duly given, no opposition being filed by Creditors, and the Court having heard the representation of counsel for Debtor and the Chapter 13 Trustee, and being otherwise informed, and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Debtor's Motion is hereby granted.

Law Offices of Philip K. Goldstein, Ltd.
609 South Seventh Street
Las Vegas, Nevada 89101
(702) 388-2004 * (702) 388-2024

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that BANK OF AMERICA (ACCT. #0027) shall become an unsecured claim in Debtor's Bankruptcy case, and shall be paid as such, in accordance with the Debtor's Plan.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that BANK OF AMERICA (ACCT. #0027) shall retain its lien on the real property commonly known as 4553 Cielo Lane, Las Vegas, Nevada 89130, until such time as Debtor has received a Discharge of Debtor(s) After Completion of Chapter 13 Plan.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that nothing alters the rights of BANK OF AMERICA (ACCT. #0027) under a conversion or a dismissal of this Chapter 13 case.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** in the event that any entity, including the holder of the first lien on the subject property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge BANK OF AMERICA (ACCT. #0027)'S lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

DATED: This _____ day of ________, 2011.

Submitted By:

LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.

By:______________________________
PHILIP K. GOLDSTEIN, ESQ.
Nevada Bar #4275
Attorney for Debtor

**WHEN RECORDED RETURN TO:**
**PHILIP K. GOLDSTEIN, ESQ.**
**609 S. 7TH ST., LAS VEGAS, NV 89101**

EXHIBIT 1

PARKER DRISCOLL APPRAISAL
702-254-0977

File No. 10-660

# APPRAISAL OF

SINGLE FAMILY RESIDENCE

## LOCATED AT:

4553 CIELO LN
LAS VEGAS, NV 89130-5309

## CLIENT:

GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD
609 SOUTH SEVENTH STREET
LAS VEGAS, NV 89101

## AS OF:

December 15, 2010

## BY:

HOLLY HOFMANN
PARKER DRISCOLL APPRAISAL

PARKER DRISCOLL APPRAISAL

# Residential Appraisal Report

File No. 10-660

**PURPOSE**

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

Client Name/Intended User GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD E-mail THREE@PKGLTD.COM
Client Address 609 SOUTH SEVENTH STREET City LAS VEGAS State NV Zip 89101
Additional Intended User(s) THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE DEFINED VALUE OF THE SUBJECT PROPERTY FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.
Intended Use THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE DEFINED VALUE OF THE SUBJECT PROPERTY FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.

**SUBJECT**

Property Address 4553 CIELO LN City LAS VEGAS State NV Zip 89130-5309
Owner of Public Record GIORGIANNI County CLARK
Legal Description RANCHO ALTA MIRA-UNIT 10A PLAT BOOK 47 PAGE 23 LOT 7 BLOCK 4
Assessor's Parcel # 138-01-610-008 Tax Year 2010 R.E. Taxes $ 11,253.54
Neighborhood Name RANCHO ALTA MIRA Map Reference 33-F1 Census Tract 3410
Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe) N/A

**SALES HISTORY**

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer: Date N/A Price N/A Source(s) COUNTY RECORDS/MLS
Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable) THE SUBJECT HAS NOT BEEN LISTED IN THE MLS WITHIN THE PAST TWELVE MONTHS. HAS HAD NO TRANSACTIONS WITHIN THE PAST THREE YEARS. ALL SALES WERE REPORTED CLOSED WITH TYPICAL FINANCING. THE REPORTED SALES CONCESSIONS BEING PAID FOR BY THE SELLER ARE TYPICAL IN THE MARKET PLACE

Offerings, options and contracts as of the effective date of the appraisal N/A

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | | One-Unit Housing Trends | | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban | [X] Suburban | [ ] Rural | Property Values | [ ] Increasing | [ ] Stable | [X] Declining | PRICE $(000) | AGE (yrs) | One-Unit | 80 % |
| Built-Up | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | Demand/Supply | [ ] Shortage | [ ] In Balance | [X] Over Supply | | | 2-4 Unit | 5 % |
| Growth | [ ] Rapid | [X] Stable | [ ] Slow | Marketing Time | [ ] Under 3 mths | [X] 3-6 mths | [ ] Over 6 mths | 65 Low | 5 | Multi-Family | 5 % |
| | | | | | | | | 285+ High | 50+ | Commercial | 5 % |
| | | | | | | | | 130 Pred. | 15-20 | Other VACANT | 5 % |

Neighborhood Boundaries LONE MOUNTAIN RD TO THE NORTH, CRAIG RD TO THE SOUTH, DECATUR BLVD TO THE EAST, AND JONES BLVD TO THE WEST.
Neighborhood Description THE SUBJECT IS LOCATED IN A RESIDENTIAL AREA WHERE THE HOMES ARE REASONABLY COMPATIBLE. STREET PATTERNS ARE GOOD SITES ARE ADEQUATE AND THE SUBJECT IS TYPICAL FOR THE NEIGHBORHOOD. NO NEIGHBORHOOD FACTORS WERE NOTED THAT WOULD ADVERSELY AFFECT THE SUBJECT PROPERTY.

Market Conditions (including support for the above conclusions) PREVAILING INTEREST RATES ARE RANGING FROM 3.0% TO 10.0%. TYPICALLY SELLERS ARE PAYING FROM 0 TO 3 PERCENT IN THE MARKETING OF THEIR HOMES. MARKET CONDITIONS APPEAR TO BE DECLINING WITH DECLINING PROPERTY VALUES. THIS IS DUE TO REO, SHORT SALES, AND FORECLOSURES WITHIN THE MARKET AREA

**SITE**

Dimensions SEE ATTACHED PLAT MAP Area 6932 SQ FT Shape MOSTLY RECTANGULAR View TYPICAL
Specific Zoning Classification R-PD5 Zoning Description RESIDENTIAL PLANNED DEVELOPMENT DISTRICT
Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe) N/A
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe. N/A

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | [ ] | Water | [X] | [ ] | Street ASPHALT | [X] | [ ] |
| Gas | [X] | [ ] | Sanitary Sewer | [X] | [ ] | Alley NONE/TYPICAL | [ ] | [ ] |

Site Comments NO ADVERSE EASEMENTS OR ENCROACHMENTS WERE APPARENT. HOWEVER, MY INSPECTION WAS MADE WITHOUT THE BENEFIT OF A TITLE REPORT OR SURVEY.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION materials | INTERIOR materials |
|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit [ ] | [X] Concrete Slab [ ] Crawl Space | Foundation Walls CONCRETE/AVG | Floors CPT/TIL/PGO/AVG |
| # of Stories ONE | [ ] Full Basement [ ] Partial Basement | Exterior Walls FR/STUCCO/AVG | Walls DRYWALL/AVG |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area 0.0000 sq. ft. | Roof Surface CONC TILE/AVG | Trim/Finish WD/PAINT/AVG |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish N/A % | Gutters & Downspouts NONE | Bath Floor TIL/VIN/AVG |
| Design (Style) 1 STORY | [ ] Outside Entry/Exit [ ] Sump Pump | Window Type SLIDE/AVG | Bath Wainscot TIL/AVG |
| Year Built 1991 | | Storm Sash/Insulated NONE | Car Storage [ ] None |
| Effective Age (Yrs) 5-10 | | Screens YES/AVG | [X] Driveway # of Cars 3 |
| Attic [ ] None | Heating [X] FWA [ ] HW [ ] Radiant | Amenities [ ] WoodStove(s) # | Driveway Surface CONCRETE |
| [ ] Drop Stair [ ] Stairs | [ ] Other Fuel GAS | [X] Fireplace(s) # 1 [X] Fence C-BLK | [X] Garage # of Cars 3 |
| [ ] Floor [X] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck COVRD [X] Porch COVERED | [ ] Carport # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | [ ] Pool [ ] Other | [X] Att. [ ] Det. [ ] Built-in |

Appliances [ ] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [X] Microwave [ ] Washer/Dryer [X] Other (describe)
Finished area above grade contains: 5 Rooms 3 Bedrooms 2 Bath(s) 1,752 Square Feet of Gross Living Area Above Grade
Additional Features SUBJECT FEATURES INCLUDE: COVERED PORCH, COVERED PATIO, TILED ENTRY AND BATHS, PERGO AND CARPET IN LIVING AREAS AND BEDROOMS, ETC.

Comments on the Improvements PER INSPECTION THE APPRAISER DID NOT OBSERVE ANY DEFECTS OR CONDITIONS THAT WOULD AFFECT THE SUBJECT PROPERTY. PLEASE NOTE THE APPRAISER ASSUMES NO LIABILITY FOR FUNCTIONAL INADEQUACIES, DEFECTS, OR CONDITIONS WHICH ARE NOT READILY VISIBLE. THE APPRAISER IS NOT AN EXPERT IN THIS FIELD. IF FURTHER ASSISTANCE IS REQUIRED THE APPRAISER RECOMMENDS AN INSPECTION BY A LICENSED EXPERT IN THE FIELD.

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
GPAR10RR 05/05/2010



PARKER DRISCOLL APPRAISAL

# Residential Appraisal Report

File No. 10-660

## SALES COMPARISON APPROACH

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 4553 CIELO LN LAS VEGAS | 4406 LA REINA CIR LAS VEGAS | | 4577 CIELO LN LAS VEGAS | | 5817 BLUSH AVE LAS VEGAS | |
| Proximity to Subject | | 0.37 miles WSW | | 0.05 miles N | | 0.46 miles NW | |
| Sale Price | $ N/A | | $ 132,500 | | $ 134,000 | | $ 127,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 73.53 sq. ft. | | $ 76.48 sq. ft. | | $ 74.23 sq. ft. | |
| Data Source(s) | CNTY REC/INSPC | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | |
| Verification Source(s) | DOC# | 20101130-04262 | | 20101112-04966 | | 20100929-03895 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | CASH | | FHA | | FHA | |
| Concessions | N/A | NO CONCESS | 0 | NO CONCESS | 0 | SLR PD 3% | 0 |
| Date of Sale/Time | N/A | 11/30/2010 | 0 | 11/12/2010 | -670 | 09/29/2010 | -1,270 |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 6932 SQ FT | 6695 SQ FT | 0 | 8774 SQ FT | 0 | 6100 SQ FT | 0 |
| View | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | 1 STORY/AVG | | 1 STORY/AVG | |
| Quality of Construction | STU/TIL/AVG | STU/TIL/AVG | | STU/TIL/AVG | | STU/TIL/AVG | |
| Actual Age | 1991 | 1990 | 0 | 1991 | | 1992 | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade Room Count (Total / Bdrms. / Baths) | 5 / 3 / 2 | 6 / 4 / 2 | 0 | 5 / 3 / 2 | | 6 / 3 / 2 | 0 |
| Gross Living Area | 1,752 sq. ft. | 1,802 sq. ft. | 0 | 1,752 sq. ft. | | 1,711 sq. ft. | 0 |
| Basement & Finished Rooms Below Grade | NONE MLS# N/A | NONE MLS# 1065765 DOM 122 | ARM'S LENGTH | NONE MLS# 1020231 DOM 261 | SHORT SALE | NONE MLS# 1018070 DOM 221 | SHORT SALE |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA/C, REF | FWA/C, REF | | FWA/C, REF | | FWA/C, REF | |
| Energy Efficient Items | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Garage/Carport | 3-GARAGE | 2-GARAGE | +2,500 | 3-GARAGE | | 2-GARAGE | +2,500 |
| Porch/Patio/Deck | PORCH/PATIO | PORCH/PATIO | | PORCH/PATIO | | PORCH/PATIO | |
| Net Adjustment (Total) | | [X] + [ ] - | $ 2,500 | [ ] + [X] - | $ 670 | [X] + [ ] - | $ 1,230 |
| Adjusted Sale Price of Comparables | | Net Adj. 1.9% Gross Adj. 1.9% | $ 135,000 | Net Adj. -0.5% Gross Adj. 0.5% | $ 133,330 | Net Adj. 1.0% Gross Adj. 3.0% | $ 128,230 |

Summary of Sales Comparison Approach THE APPRAISER IS LIMITED IN THE SELECTION OF COMPARABLE SALES THAT ARE VERIFIABLE IN THE MARKET PLACE. TYPICAL BUYERS IN THE SUBJECT PRICE RANGE IN THIS LOCALITY WILL CONSIDER AND COMPARE HOMES WITHIN SEVERAL MILES FROM THE SUBJECT PROPERTY. ALL SELECTED COMPARABLES ARE IN THE SUBJECT'S COMPETITIVE MARKET AREA. THE SELECTED SALES WERE THE BEST INDICATORS IN VALUE AND MOST COMPARABLE TO THE SUBJECT.

## COST APPROACH TO VALUE

Site Value Comments N/A

ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW

Source of cost data N/A

Quality rating from cost service N/A Effective date of cost data N/A

Comments on Cost Approach (gross living area calculations, depreciation, etc.)

N/A

| | | | |
|---|---|---|---|
| OPINION OF SITE VALUE | | | = $ |
| Dwelling | 1,752 Sq. Ft. @ $ | | = $ 0 |
| | Sq. Ft. @ $ | | = $ |
| Garage/Carport | 620 Sq. Ft. @ $ | | = $ 0 |
| Total Estimate of Cost-New | | | = $ 0 |
| Less | Physical | Functional | External |
| Depreciation | | | = $( 0) |
| Depreciated Cost of Improvements | | | = $ 0 |
| "As-is" Value of Site Improvements | | | = $ |
| INDICATED VALUE BY COST APPROACH | | | = $ 0 |

## INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $ N/A X Gross Rent Multiplier N/A = $ N/A Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM) N/A

## RECONCILIATION

Indicated Value by: Sales Comparison Approach $ 130,000 Cost Approach (if developed) $ N/A Income Approach (if developed) $ N/A

THE SALES COMPARISON APPROACH PROVIDES THE MOST DEFENSIBLE METHOD OF DETERMINING VALUE FOR SINGLE FAMILY RESIDENTIAL PROPERTIES. THE COST APPROACH HAS NO BEARING ON FINAL CONCLUSION. THE INCOME APPROACH LACKS SUFFICIENT DATA TO JUSTIFY VALUE.

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed [ ] subject to the following

THIS IS A GENERAL PURPOSE APPRAISAL REPORT, FORM GPAR1004 INTERIOR/EXTERIOR APPRAISAL/SUMMARY REPORT FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report is $ 130,000 as of 12/15/2010, which is the effective date of this appraisal.

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved
[gPAR™] General Purpose Appraisal Report 12/2005
GPAR1004 10102010



PARKER DRISCOLL APPRAISAL

# Residential Appraisal Report

File No. 10-660

SALES COMPARISON APPROACH

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 4553 CIELO LN LAS VEGAS | 4500 CRIMSON LEAF DR LAS VEGAS | | 4637 BRADPOINT DR LAS VEGAS | | 4609 SAVIN CIR LAS VEGAS | |
| Proximity to Subject | | 0.37 miles W | | 0.32 miles ENE | | 0.15 miles WNW | |
| Sale Price | $ N/A | | $ 135,000 | | $ 130,000 | | $ 130,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 74.50 sq. ft. | | $ 75.19 sq. ft. | | $ 74.20 sq. ft. | |
| Data Source(s) | CNTY REC/INSPC | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | |
| Verification Source(s) | DOC# | 20100929-03468 | | PENDING | | PENDING | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | N/A N/A | VA SLR PD 3% | 0 | PENDING PENDING | | PENDING PENDING | |
| Date of Sale/Time | N/A | 09/29/2010 | -1,350 | PENDING | COMMENT | PENDING | COMMENT |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 6932 SQ FT | 6145 SQ FT | 0 | 8587 SQ FT | 0 | 6757 SQ FT | 0 |
| View | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | 1 STORY/AVG | | 1 STORY/AVG | |
| Quality of Construction | STU/TIL/AVG | STU/TIL/AVG | | STU/TIL/AVG | | STU/TIL/AVG | |
| Actual Age | 1991 | 1992 | 0 | 1994 | 0 | 1990 | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade Room Count (Total / Bdrms. / Baths) | 5 / 3 / 2 | 6 / 4 / 2 | 0 | 7 / 4 / 2 | 0 | 5 / 3 / 2 | |
| Gross Living Area | 1,752 sq. ft. | 1,812 sq. ft. | 0 | 1,729 sq. ft. | 0 | 1,752 sq. ft. | |
| Basement & Finished Rooms Below Grade | NONE MLS# N/A | NONE MLS# 1064200 DOM 62 | REO | NONE MLS# 1072201 DOM 8 | SHORT SALE | NONE MLS# 1073362 DOM 52 | SHORT SALE |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA/C, REF | FWA/C, REF | | FWA/C, REF | | FWA/C, REF | |
| Energy Efficient Items | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Garage/Carport | 3-GARAGE | 2-GARAGE | +2,500 | 2-GARAGE | +2,500 | 2-GARAGE | +2,500 |
| Porch/Patio/Deck | PORCH/PATIO | PORCH/PATIO | | PORCH/PATIO | | PORCH/PATIO | |
| | | | | | | | |
| | | | | | | | |
| Net Adjustment (Total) | | [X] + [ ] - | $ 1,150 | [X] + [ ] - | $ 2,500 | [X] + [ ] - | $ 2,500 |
| Adjusted Sale Price of Comparables | | Net Adj. 0.9% Gross Adj. 2.9% | $ 136,150 | Net Adj. 1.9% Gross Adj. 1.9% | $ 132,500 | Net Adj. 1.9% Gross Adj. 1.9% | $ 132,500 |

Summary of Sales Comparison Approach SEE ATTACHED ADDENDUM.

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
GPAR1004 05012010



ADDENDUM

| Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | File No.: 10-660 | |
|---|---|---|
| Property Address: 4553 CIELO LN | Case No.: | |
| City: LAS VEGAS | State: NV | Zip: 89130-5309 |

**Comments on Sales Comparison**

THE APPRAISAL IS BASED ON THE INFORMATION GATHERED BY THE APPRAISER FROM PUBLIC RECORDS, OTHER IDENTIFIED SOURCES, INSPECTION OF THE SUBJECT PROPERTY AND NEIGHBORHOOD AND SELECTION OF COMPARABLE SALES WITHIN THE SUBJECT MARKET AREA. THE ORIGINAL SOURCE OF THE COMPARABLE IS SHOWN IN THE "DATA SOURCE" SECTION OF THE MARKET GRID ALONG WITH THE SOURCE OF CONFIRMATION, IF AVAILABLE. THE ORIGINAL SOURCE IS PRESENTED FIRST. THE SOURCES AND DATA ARE CONSIDERED RELIABLE, WHEN CONFLICTING INFORMATION IS PROVIDED THE SOURCE DEEMED MOST RELIABLE HAS BEEN USED. DATA BELIEVED TO BE UNRELIABLE HAS NOT BEEN INCLUDED IN THE REPORT OR USED AS A BASIS FOR THE VALUE CONCLUSION.

PHYSICAL DEPRECIATION IS BASED ON THE ESTIMATED EFFECTIVE AGE OF THE SUBJECT PROPERTY AND STANDARD RATES OF DEPRECIATION WITHIN THE LOCAL MARKET. FUNCTIONAL AND/OR EXTERNAL DEPRECIATION, IF PRESENT, ARE SPECIFICALLY ADDRESSED IN THE APPRAISAL REPORT OR ADDENDUM.

IT IS NOT KNOWN BY THIS APPRAISER IF THERE IS ANY PENDING LEGAL ACTION AGAINST THIS BUILDER. IT IS BELIEVED THAT THERE IS NONE. HOWEVER, THIS APPRAISER AND/OR OFFICE WILL NOT BE HELD RESPONSIBLE IF ANY INFORMATION HAS BEEN WITHHELD. IT IS THIS APPRAISERS OPINION THAT THE WORKMANSHIP IS CONSISTENT WITH OTHER HOMES IN THIS AREA. ADDITIONALLY, THERE WERE NO OBVIOUS DEFICIENCIES NOTED AT THE TIME OF INSPECTION.

IN ADDITION, THE APPRAISER MAKES NO WARRANTIES AS TO THE OWNER'S ATTAINMENT OF PERMITS FOR ANY MODIFICATIONS TO THE SUBJECT PROPERTY AND ACCEPTS NO LIABILITY FOR ANY NON DISCLOSURE

NO VALUE WAS GIVEN TO PERSONAL PROPERTY.

ACCORDING TO THE MLS ACTIVITY ACCOUNTS FOR 67% OF CURRENT COMPARABLE ACTIVE LISTINGS AND PENDING SALES

COUNTY RECORDS REFLECT PREVIOUS OWNER AND CURRENT OWNER, THEREFORE, SHORT SALE TRANSFERS MAY APPEAR TO BE OPEN MARKET. FURTHER, COUNTY RECORDS MAY NOT REFLECT THE MOST RECENT CLOSED MLS TRANSFERS DUE TO THE DELAY IN RECORDING.

REO/SHORT SALES HAVE BEEN UTILIZED IN THE PREPARATION OF THIS REPORT DUE TO THE FACT THEY ARE DRIVING THE MARKET

COMPARABLE #5, AND #6 ARE PENDING SALES. THESE COMPARABLES WERE USED BECAUSE THEY ARE SIMILAR IN GROSS LIVING AREA, AND STYLE AND ARE GOOD INDICATORS OF VALUE. NO ADJUSTMENTS FOR SALES TO LIST PRICE RATIO HAVE BEEN MADE DUE TO THE FACT THIS THE CONTRACTED PRICE IS LISTED IN THE MLS. NO WEIGHT HAS BEEN GIVEN TO THESE COMPARABLES DUE TO THE FACT THEY ARE PENDING SALES

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions

THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF VALUE OF THE SUBJECT PROPERTY, FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT.

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
[gPAR™] General Purpose Appraisal Report 12/2005
GPARLIM 05/08/2008



File No: 10-660

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:
N/A

Additional Certifications:
N/A

Definition of Value: [X] Market Value [ ] Other Value:

Source of Definition: FANNIE MAE FORM 1004 MARCH 2005

DEFINITION OF MARKET VALUE

THE MOST PROBABLE PRICE WHICH A PROPERTY SHOULD BRING IN A COMPETITIVE AND OPEN MARKET UNDER ALL CONDITIONS REQUISITE TO A FAIR SALE, THE BUYER AND SELLER, EACH ACTING PRUDENTLY, KNOWLEDGEABLY AND ASSUMING THE PRICE IS NOT AFFECTED BY UNDUE STIMULUS. IMPLICIT IN THIS DEFINITION IS THE CONSUMMATION OF A SALE AS OF A SPECIFIED DATE AND THE PASSING OF TITLE FROM SELLER TO BUYER UNDER CONDITIONS WHEREBY: (1) BUYER AND SELLER ARE TYPICALLY MOTIVATED; (2) BOTH PARTIES ARE WELL INFORMED OR WELL ADVISED, AND EACH ACTING IN WHAT HE OR SHE CONSIDERS HIS OR HER OWN BEST INTEREST; (3) A REASONABLE TIME IS ALLOWED FOR EXPOSURE IN THE OPEN MARKET; (4) PAYMENT IS MADE IN TERMS OF CASH IN US DOLLARS OR IN TERMS OF FINANCIAL ARRANGEMENTS COMPARABLE THERETO; AND (5) THE PRICE REPRESENTS THE NORMAL CONSIDERATION FOR THE PROPERTY SOLD UNAFFECTED BY SPECIAL OR CREATIVE FINANCING OR SALES CONCESSIONS GRANTED BY ANYONE ASSOCIATED WITH THE SALE.

THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE VALUE OF THE SUBJECT PROPERTY, FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT, THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT.

ADDRESS OF THE PROPERTY APPRAISED:
4553 CIELO LN
LAS VEGAS, NV 89130-5309

EFFECTIVE DATE OF THE APPRAISAL: December 15, 2010

APPRAISED VALUE OF THE SUBJECT PROPERTY $ 130,000

**APPRAISER**

Signature: [signature]
Name: HOLLY HOFMANN
State Certification #:
or License #: A.0205788-INT
or Other (describe): State #:
State: NV
Expiration Date of Certification or License: 08/31/2009
Date of Signature and Report: 12/16/2010
Date of Property Viewing: 12/15/2010
Degree of property viewing:
[X] Interior and Exterior [ ] Exterior Only [ ] Did not personally view

**SUPERVISORY APPRAISER**

Signature: [signature]
Name: JAMES DRISCOLL
State Certification #: A-0006362-CR
or License #: A.0006362-CR
State: NV
Expiration Date of Certification or License: 12/31/2011
Date of Signature: 12/15/2010
Date of Property Viewing:
Degree of property viewing:
[ ] Interior and Exterior [ ] Exterior Only [X] Did not personally view

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
GPARLite 05/08/11/2009

PLAT MAP

Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD
File No.: 10-660
Case No.:
Property Address: 4553 CIELO LN
City: LAS VEGAS
State: NV
Zip: 89130-5309



FLOOD MAP

| Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | | File No.: 10-660 |
|---|---|---|
| Property Address: 4553 CIELO LN | | Case No.: |
| City: LAS VEGAS | State: NV | Zip: 89130-5309 |

The District makes no warranties concerning the accuracy of this data.

**This parcel IS NOT in a 100-year flood zone:**

Parcel 13801610008

Owner GIORGIANNI RUSSELL

Address 4553 CIELO

Entity Las Vegas

Contact 702-229-6569

Flood Zone This parcel IS NOT in a 100-year flood zone.

LOCATION MAP

Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD
File No.: 10-660
Case No.:
Property Address: 4553 CIELO LN
City: LAS VEGAS
State: NV
Zip: 89130-5309



FLOORPLAN

Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD File No.: 10-660
Property Address: 4553 CIELO LN Case No.:
City: LAS VEGAS State: NV Zip: 89130-5309

Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Net Size | Net Totals |
| GLA1 | First Floor | 1752.0 | 1752.0 |
| GAR | Garage | 620.0 | 620.0 |
| Net LIVABLE Area | | (Rounded) | 1752 |

| LIVING AREA BREAKDOWN | |
|---|---|
| Breakdown | Subtotals |
| First Floor | |
| 1.0 x 12.0 | 12.0 |
| 3.0 x 6.0 | 18.0 |
| 0.5 x 3.0 x 3.0 | 4.5 |
| 0.5 x 3.0 x 3.0 | 4.5 |
| 6.0 x 50.0 | 300.0 |
| 21.0 x 41.0 | 861.0 |
| 12.0 x 46.0 | 552.0 |
| 7 Items (Rounded) | 1752 |

Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | File No.: 10-660
Property Address: 4553 CIELO LN | Case No.:
City: LAS VEGAS | State: NV | Zip: 89130-6309

FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: December 15, 2010
Appraised Value: $ 130,000

REAR VIEW OF
SUBJECT PROPERTY

STREET SCENE

SUBJECT

| Borrower: NON LENDING | | File No.: 10-660 |
|---|---|---|
| Property Address: 4553 CIELO LN | | Case No.: |
| City: LAS VEGAS | State: NV | Zip: 89130-5309 |
| Lender: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | | |










| Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | | File No.: 10-660 |
|---|---|---|
| Property Address: 4553 CIELO LN | | Case No.: |
| City: LAS VEGAS | State: NV | Zip: 89130-5309 |

COMPARABLE SALE #1

4406 LA REINA CIR
LAS VEGAS
Sale Date: 11/30/2010
Sale Price: $ 132,500

COMPARABLE SALE #2

4577 CIELO LN
LAS VEGAS
Sale Date: 11/12/2010
Sale Price: $ 134,000

COMPARABLE SALE #3

5817 BLUSH AVE
LAS VEGAS
Sale Date: 09/29/2010
Sale Price: $ 127,000

| Client: GIORGIANNI/CO PHILIP L GOLDSTEIN, LTD | | File No.: 10-660 |
|---|---|---|
| Property Address: 4553 CIELO LN | | Case No.: |
| City: LAS VEGAS | State: NV | Zip: 89130-5309 |

COMPARABLE SALE #4

4500 CRIMSON LEAF DR
LAS VEGAS
Sale Date: 09/29/2010
Sale Price: $ 135,000

COMPARABLE SALE #5

4637 BRADPOINT DR
LAS VEGAS
Sale Date: PENDING
Sale Price: $ 130,000

COMPARABLE SALE #6

4609 SAVIN CIR
LAS VEGAS
Sale Date: PENDING
Sale Price: $ 130,000

EXHIBIT 2

**Bank of America**

Home Loans

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Statement date 11/18/2010
**Account Number 093689303**
Property address
4553 Cielo Ln.

0009430 01 AT 0.354 **AUTO T1 3 7174 89130-5309
MSO XC AG 044—-0-2— C0000068 IN 1 P09439
RUSSELL GIORGIANNI

4553 Cielo Ln
Las Vegas NV 89130-5309

**FOR CUSTOMER SERVICE: 1.866.653.6183**

## IMPORTANT NOTICE

If you and BAC Home Loans Servicing, LP have entered into an agreement to address your monthly payments, please make payments in accordance with this agreement.

If you have qualified for an interest rate reduction based upon current active military service, subsequent statements may not reflect the reduced payment amount. Please refer to the notice previously sent to you for the reduced payment amount.

## HOME LOAN SUMMARY

| Home loan overview as of 11/18/2010 | |
|---|---|
| Principal Balance | $150,615.65 |
| Escrow balance | -$626.76 |
| Late Charge if payment received after 12/16/2010 | $24.55 |

| Amount due on 12/01/2010 as of 11/18/2010 | |
|---|---|
| Home loan payment due 12/01/2010 | $659.80 |
| Past due payment amount | 2,639.20 |
| Partial payment balance | 100.00 |
| (see next page for account details) | |

Calls may be monitored or recorded to ensure quality service. We may charge you a fee (of up to $40.00) for any payment returned or rejected by your financial institution, subject to applicable law.